GERSHOM M. FITCH vs. ROBERT L. TAFT.

Berkshire. Sept. 10, 1878. — May 12, 1879. AMES & SOULE, JJ., absent.

A landowner can maintain a complaint, under the Gen. Sts. c. 149, § 34, for the reassessment by a jury of his annual damages for the flowing of his land by the respondent's dam, although such damages were not "established by a jury". as provided in that section, but by an award of arbitrators, to whom the original complaint, by agreement of parties and under rule of court, was referred, and whose award was returned into court and accepted.

LORD, J. The complainant asks to have his annual damages for the flowing of his land by the respondent's dam reassessed by a jury, under the provisions of the Gen. Sts. c. 149, § 34. The respondent denies his right to a reassessment, upon the ground that the annual damages have been fixed by arbitration between the parties; and that the award of the arbitrators is final and conclusive, and cannot be reopened.

The complainant, on October 8, 1874, instituted an original complaint, under the Gen. Sts. c. 149, which was duly entered in court. The statute provides that in such a case the jury shall determine what amount of damages the complainant shall have sustained within three years next preceding the filing of his complaint. For such sum, the complainant is entitled to an execution. It is further provided that the jury shall also assess a sum in gross, which shall be full compensation for all damages to be sustained by maintaining the dam forever; and that the jury shall determine the amount of damages to be paid annually by the respondent for the right to maintain his dam. The complainant may within a limited time elect to take the gross sum thus assessed as full compensation for all injury to be thereafter sustained, or to take the annual damages as ascertained by the jury. By §§ 34, 36 of that chapter, if either party is dissatisfied with the annual compensation established by the jury, a new complaint may be instituted for the increase or diminution thereof, or for ascertaining the gross amount of the damages, with the limitations that the new complaint shall not be brought for the increase or diminution of the annual compensation "until the expiration of one month after the payment of the then last year has fallen due," nor for the assessment of gross damages,

when the party has not elected to receive such gross damages, until the expiration of ten years thereafter.

When the former complaint was instituted, in 1874, the parties, instead of having these various sums assessed by a jury, agreed to refer the complaint under a rule of court to three arbitrators who were agreed upon, to whom were referred the same questions which, in the ordinary course of proceeding, would have been determined by a jury, namely, the past damages, the gross damages, and the annual damages. These arbitrators made their award, which was returned to and accepted by the court. The complainant did not elect to accept the gross damages, and the annual damages thus fixed by the arbitrators are those which the complainant is now dissatisfied with, and which he seeks to have reassessed by a jury.

The respondent contends, that this is wholly a statutory proceeding; that, to entitle a party to a reassessment of the annual damages, the previous annual damages must have been "established by a jury," and, inasmuch as no annual damages have been established by a jury, the complainant does not bring himself within the strict words of the statute; and that the effect of allowing a party to have his damages reassessed after they had been fixed by arbitrators would be rather legislation than administration of the law as it exists. This, however, we deem to be a too narrow and technical construction of the statute. It is true, the statute uses the phrase "established by a jury;" but we think the whole scope and purpose of the statute is more justly and equitably effected by giving to that phrase the broader and more appropriate interpretation as meaning "established by the proceedings under such complaint." The phrase "established by a jury," although entirely intelligible as applied to the subject-matter, is not in itself strictly and technically accurate. The language would be more accurate if it were "established through the intervention of a jury." The verdict of a jury, of itself, does not establish the damages. It must be accepted and recorded by the court before it is effectual; and, by § 30, "the court to which a verdict is returned may set it aside for any sufficient cause, and grant a new trial, to be had upon a new warrant or otherwise as the case may require."

The submission in this case having been made under a rule of

court, and the award of the arbitrators having been reported as required by the rule to the court, the same action must be had by the court to make such finding of the referees valid and binding as would be had in case the findings had been by a jury. The only difference would be in what may be called the intermediate proceedings, in which the court could not revise the proceedings before the arbitrators in matter of law, as they could those before a jury; but the action of the court is as essential to the validity of the award of arbitrators as to the verdict of a jury. We cannot doubt that if the parties had submitted the determination of the three several questions to the presiding judge, without the intervention of a jury, and the complainant had not elected to take gross damages, the revision of the finding of the judge as to the annual damages would be open to the party, in the same manner as if it had been found by a jury and accepted and recorded by the court. We think, therefore, that it is the proceedings under the complaint, and the annual damages thus determined, which are the subject of revision. The statute clearly contemplates that the annual damages will vary from time to time, and what at one time would be an adequate compensation at a future time might be inadequate, or more than adequate. Its various provisions clearly contemplate this. By §§ 37, 38, provision is made for the owner of the mill or dam to tender a different sum from that found, and for the landowner to offer to accept a less sum than that found, and the sum thus found may be varied by the acceptance by either party of the tender of the other. We cannot believe that the purpose of the statute, in allowing such a change of compensation to be agreed upon between the parties, was to make that new compensation absolutely and forever binding upon them; but that it was the purpose to preserve the right to a reassessment, when either party should claim a change of circumstances; but the new compensation had never been fixed by a jury, and the same technical objection to a new complaint would exist in that case as in the present.

This view of the law does not conflict with the general principle that the finding of arbitrators is final and conclusive between the parties. A verdict of a jury and judgment thereon are final and conclusive. The provision that a new jury may be called

to reassess the damages does not conflict with the proposition that the finding of a jury is conclusive. The finding of a jury and the award of arbitrators are equally conclusive upon the subject-matter committed to them. That subject-matter, in the present case, was the present annual damages. For the present annual damages, in whichever mode determined, the party has no right to judgment and execution, but it is a sum for which he may have an action, and for which he has a lien upon the mill.

Interpreting the statute in this mode, the proceedings under the former complaint established the rights of the parties by virtue of that complaint, and those rights are to allow either party, under the limitations and qualifications of the statute, to apply for a reassessment of the damages; and the result is

*Jury to be ordered.*

*M. Wilcox*, for the complainant.
*J. Dewey*, for the respondent.